## Stachlin v. Destrehan.

An owner of property is justifiable in beating a trespasser, only where the battery is necessary to the defence of his property.

Where a party expressly waived his right to challenge a juror who declared that he had formed an opinion on the case, the fact of the juror's impartiality cannot be urged by him as a ground for a new trial.

The fact of the existence of strong prejudice in the public mind against a party is a ground for an application for a change of venue (stat. 1 June, 1846, s. 3); but is no ground for a new trial, unless it be shown that the prejudice operated on the minds of the jurors or influenced their verdict.

Where a party resides in the parish in which a case is tried, and is not absent at the time, an affidavit for a new trial on the ground that it had been discovered since the trial that some of the jurors had formed and expressed opinions before being sworn, must be made by the party and not by his attorney. Stat. 20 March, 1839, s. 16.

APPEAL from the District Court of Jefferson, *Clarke, J. Hiestand* and *Preston,* for the plaintiff. *Collens* and *Thompson,* for the appellant. The judgment of the court was pronounced by

KING, J.[*] The defendant is sued for damages for having caused his slave to inflict personal chastisement with a whip upon the plaintiff. The jury gave a verdict in favor of the plaintiff for one thousand dollars, and the defendant, after an ineffectual effort to obtain a new trial, has appealed. The facts disclosed by the evidence are, that the defendant has a canal running through his plantation, communicating with Barataria, which the public are prohibited from navigating, without previously obtaining the consent of himself or manager. One *Mrs. Ohler* employed the plaintiff to assist her in removing her effects from her former residence at Barataria, and for that purpose the two repaired to the canal. *Mrs. Ohler* discovered that a boat, which she appears to have had in the canal, had been taken away during her absence, and, without applying for permission, embarked in a skiff which she found at the same spot, and had proceeded some distance on the canal, when the defendant, recognizing his boat, hailed the parties and ordered them to stop, and to return it to the place whence they had taken it. *Mrs. Ohler* asserted that the defendant had lent her boat to some other person, and that she was therefore authorized to use his. The plaintiff, who was towing the boat with a line refused to return it, and was about to proceed on his way, when the defendant ordered his driver, a negro man slave, to chastise the plaintiff, and the slave, in obedience to the order, inflicted several severe blows with a heavy lash which drew blood, as is stated by one of the witnesses, and left marks upon the person of the plaintiff for several days. At the urgent solicitation of *Mrs. Ohler* she was permitted to proceed on her errand with the boat, accompanied by the plaintiff. These are the principal facts upon which the jury based their verdict. There is no material conflict in the testimony; but the defendant relies for a reversal of the judgment and for a new trial upon the alleged mis-direction of the judge in his instructions to the jury, and on the fact that one of the jurors had formed an opinion before he was sworn on the panel.

---

[*] ROST, J., did not sit in this case on account of relationship to the defendant.

Stachlin
v.
Destrehan.

The judge was requested to instruct the jury that, the owner is justifiable in the defence of his property in beating the trespasser, which was charged as requested, with the qualification that the beating must be necessary for the defence. The same instructions were asked in relation to the right of an owner to resist an attempt to commit a larceny, which were given with the same qualification. He was also requested to inform the jury what constituted a larceny and what a tresspass, which instructions were given, with the addition that neither the larceny nor the trespass justified beating, nor a resort to violence. It is contended that this charge constantly reminded the jury that the fact of beating, proved in this case, was unjustifiable, and is a virtual violation of the 516th article of the Code of Practice, which directs the judge to abstain from saying any thing about the facts. It is further urged that the charge is contradictory, the judge having at one time instructed the jury that, under certain circumstances, blows may be justified in resisting the aggressions of the thief or trespasser, and at another time that they could not be resorted to.

We find no contradiction in the different parts of the charge delivered by the judge. The instructions are to be taken as a whole. The jury were first informed that the owner could justify beating in the defence of his property, but that the beating must be necessary as a means of defence. The subsequent part of his charge, in which he defined a trespass and a larceny, and added that neither of these offences authorised a resort to violence, are to be understood with the qualifications stated in the previous part of his charge, and which it was unnecessary to repeat. The judge did not, in our opinion, err in the principles of law announced to the jury, nor did he violate the rule which forbids him from speaking of the facts.

Six distinct propositions were submitted to the judge by the defendant's counsel, as embodying the principles of law applicable to the case, and these he was requested to give in charge to the jury. The judge recognised those rules as applicable, with certain qualifications, which he added. If he had omitted those qualifications the charge would have been improper, and well calculated to mislead the jury. The fact of beating having been proved, the question at issue was, whether, under the circumstances, it was justifiable. Blackstone concisely states the familiar rule on this subject to be that "in defence of my goods or possession, if a man endeavors to deprive me of them, I may justify laying hands upon him to prevent him; and in case he persists with violence, I may proceed to beat him away" (3 Blac. Com. 121); and this was substantially the charge given to the jury. The necessity for a resort to blows as a reason of resisting the alleged trespass, could alone justify the violence used. It was the duty of the judge, when called on to give certain principles of law in charge to the jury, only to give them with such qualifications and explanations as rendered them applicable to the case under consideration. It was his duty to shape his charge with reference to the particular facts proved, and to announce to the jury only the principles applicable to those facts, and so to announce them as to keep the minds of the jury continually directed to the material question at issue between the parties.

An application was made for a new trial upon the ground, among others, that one of the jurors had formed and expressed his opinion before he was sworn to try the cause. It appears that the juror in question was interrogated upon his *voir dire*, and stated that he knew nothing of the case. No objection was made to him, and he was sworn as a juror. A few minutes after, he applied to the

court to be excused from serving, stating that when interrogated on his *voir dire*,    STACHLIN
he was not aware who the parties to the suit were, and that he had formed an   DESTREHAN.
opinion upon the facts. He was directed by the judge to address himself to
the counsel in the case, which he did. The defendant's counsel answered that,
"It was too late ; that he did not know the juror's opinion, and was willing to
take him." The defendant's counsel, it appears, was under the impression that
the opinion of the juror was favorable to his client. The objection, which the
juror frankly stated to his sitting in the cause, is one which would have excluded
him if it had been urged before he was sworn, and which would clearly have
authorised the judge to discharge him even after he had been sworn, if either
party had requested it. The defendant had the right to make the objection, but
expressly waived it, and his complaint cannot now be heard that the juror was
not impartial. A further ground upon which an application for a new trial is
made is, that a strong prejudice existed in the public mind against the defendant.
This would have been a ground for applying for a change of venue, but is none
for a new trial (Acts of 1846, p. 107), without showing that those prejudices
operated upon the minds of the jurors and influenced their verdict. The fact
that a jury was obtained without much difficulty, who declared on their *voir
dire* examination, that they were free from bias or prejudice, repels the idea
that the prejudice, if any existed, was so prevalent as to prevent the defendant
from obtaining an impartial trial.

During the argument of the motion for a new trial the counsel for the de-
fendant presented his own affidavit, stating that he had just been informed that
two other members of the jury had formed and expressed their opinions before
being sworn as jurors, and he applied for subpœnas to compel the attendance
of the witnesses by whom he expected to prove the fact. This application was
disregarded by the judge, and we think properly. The defendant was a resi-
dent of the parish in which the case was tried, and was not absent. He alone
could have made the affidavit upon which the motion was based. Bul. & Cur-
ry's Dig. p. 157, sec. 30.

Upon the merits, we think that the verdict ought not to be disturbed. The
outrage upon the plaintiff was not only without justification or excuse, but the
chastisement inflicted was the most ignominious to which a free man can be
subjected. The law gives much latitude to jurors in assessing damages in such
cases ; and no circumstances are disclosed by the evidence which induce us to
believe that they have, in the present instance, abused the discretion confided
to them.                               *Judgment affirmed.*

---

NOTE.—The following cases, decided during the period embraced by this
volume, presenting only questions of fact, have not been reported :

### CASES DECIDED AT NEW ORLEANS :

*Planters Bank* v. *Crane* ; *Roumage* v. *Blatrier* ; *Matter of New Orleans
Improvement and Banking Company* ; *Walker* v. *Duckworth* ; *Fagot* v. *Colomb
et al.* ; *Green* v. *Phillips* ; *Lacoste* v. *Ibos et al.* ; *Cooper* v. *Hubert* ; *Beasley*
v. *Kirchner et al.* ; *Stanbrough* v. *Grand Gulf Railroad and Banking Compa-
ny* ; *Bailey* v. *Stevens* ; *Selby* v. *Roberts* ; *Stevens* v. *Bailey* ; *Thomas* v. *Ber-
ry* ; *Bouche* v. *Michel* ; *Union Bank* v. *Myers et al.* ; *Ratliff* v. *Ratliff* ; *Gil* v.